

Signed September 21, 2012.

_____
Ronald B. King
United States Chief Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| ALEX MARTIN ROSALES, § | | CASE NO. 12-30590-RBK |
| § | | |
| DEBTOR § | | CHAPTER 13 |
| _____§ | | |
| INTER NATIONAL BANK § | | |
| § | | |
| VS. § | | ADVERSARY NO. 12-3010-RBK |
| § | | |
| ALEX MARTIN ROSALES § | | |
| _____§ | | |
| INTER NATIONAL BANK § | | |
| § | | |
| VS. § | | ADVERSARY NO. 12-3011-RBK |
| § | | |
| ALEX MARTIN ROSALES, ET AL. § | | |
| _____§ | | |
| ALEX M. ROSALES, ET AL. § | | |
| § | | |
| VS. § | | ADVERSARY NO. 12-3013-RBK |
| § | | |
| INTER NATIONAL BANK § | | |

**OPINION REGARDING MOTIONS TO REMAND AND FOR ABSTENTION**

On April 25, 2012, Alex M. Rosales, as debtor and a defendant ("Debtor") removed two

related state court lawsuits to this Court by filing Notices of Removal, which initiated Adversary No.

12-3010 and Adversary No. 12-3011. On July 5, 2012, Inter National Bank, plaintiff ("Bank") filed a Motion to Remand in Adversary No. 12-3010 (Court document #13) and a Motion to Remand in Adversary No. 12-3011 (Court document #13).

In addition, Debtor and Bealmo!, LLC filed Adversary Proceeding No. 12-3013, seeking damages for lender liability claims under Truth in Lending statutes, the Real Estate Settlement Procedures Act ("RESPA"), and other theories. The Court must determine whether to remand the removed adversary proceedings and abstain in the third adversary proceeding. Because all three adversary proceedings present common issues, the Court will address all of the issues in this Opinion, pursuant to FED. R. BANK. P. 7052 and 9014.

1. ***Factual and Procedural Background***.

On March 27, 2012, the Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code in Case No. 12-30590. On May 9, 2012, the Debtor voluntarily converted his chapter 13 case to a chapter 7 case (Court document #41) and a chapter 7 trustee was appointed for the Debtor's bankruptcy estate. The Debtor filed a prior bankruptcy case on January 18, 2012 (Case No. 12-30106), which was dismissed on March 27, 2012, the same day the Debtor filed this second bankruptcy case (Court document #27).

Prior to the Debtor filing bankruptcy, a state court lawsuit was pending between the Bank and the Debtor, as well as Bealmo!, LLC, Bernardo Gonzalez, Molly Lynn Gonzalez, and Guy Phillip Rosales in the 284th District Court of El Paso County, Texas, as Cause No. 2011-543. Apparently due to the Debtor's first bankruptcy filing, the state court severed the claims and causes of action between the Debtor and the Bank into separate Cause No. 2012-2777 (Adv. No. 12-3010, Court document #1, 2, and attachments). Cause No. 2011-543 and Cause No. 2012-2777 are two separate

2

suits, but given their close relationship and relatively recent severance, the Court will refer to them in this Opinion collectively as the "State Court Suit."

The State Court Suit was filed on February 16, 2011, by the Bank, as Plaintiff, against the Debtor and four other defendants. In its petition, the Bank sought a judgment on a promissory note executed by Bealmo!, LLC (a non-debtor), and against the Debtor and other defendants as guarantors of the promissory note. The Bank also sought foreclosure on and turnover of certain personal property owned by Bealmo!, LLC, and alleged that the promissory note was secured by real property owned by the Debtor on Westwind Drive, El Paso, Texas (herein "Real Property"). The Debtor counterclaimed and sought a temporary restraining order and temporary injunction in state court to prevent the Bank from foreclosing on the Real Property. Numerous discovery disputes erupted and multiple amended petitions and amended answers were filed in state court. In the State Court Suit, the Debtor filed state-law based defenses and counterclaims against the Bank on multiple theories, including alleging an unenforceable agreement based upon no meeting of the minds, ambiguous contract, public policy, lack of mutual assent, and unilateral mistake of fact; breach of contract; quantum meruit; promissory estoppel; conversion; fraud; theft; Texas Deceptive Trade Practices; breach of fiduciary duty; fraud in a real estate transaction, negligence; gross negligence; breach of duty of good faith and fair dealing; and fraudulent lien. The Debtor also sought actual and exemplary damages, requested a permanent injunction and declaratory relief, and demanded a jury trial. The State Court Suit was set for a jury trial on February 10, 2012, in state court. (*See* Adv. No. 12-3010, Court document #2 and attachments). On January 18, 2012, a few weeks before the jury trial was set, the Debtor filed his first bankruptcy case, staying the State Court Suit.

Following the filing of this second bankruptcy case, the Debtor removed the State Court Suit (by then severed into two state court suits) to this Court, by filing Notices of Removal. The Debtor and the non-debtor defendants have demanded a jury trial in this Court and consented to this Court conducting a jury trial. The Bank agrees that a right to jury trial exists, but does not consent to a jury trial being conducted in this Court. (*See* Adv. No. 12-3010, Court document #8, 9, 10, 11; Adv. No. 12-3011, Court document #8, 9, 10, 11).

The Debtor and Bealmo!, LLC filed the third adversary proceeding in this Court on June 13, 2012 (Adv. Proc. No. 12-3013, Court document #1).

The Debtor received his Chapter 7 discharge on August 13, 2012 (Court document #68). No creditor or party in interest has timely objected to the Debtor's discharge or dischargeability of any debt, the deadline for which was August 10, 2012 (Court document #46). The Debtor claimed his interest in the Real Property as exempt, and no objections to the Debtor's exemptions were timely filed.

II.     *Legal Analysis*.

    A.     ***Bankruptcy Court Jurisdictional Framework***.

Bankruptcy courts derive their jurisdiction over cases and proceedings from a statutory structure that has recently been analyzed by the United States Supreme Court. 28 U.S.C. § 1334(a) provides that the district courts have "original and exclusive jurisdiction of all cases under title 11." Title 11 is the United States Bankruptcy Code. The term "cases under title 11" refers to the bankruptcy case initiated by the filing of a petition. Under 28 U.S.C. § 1334(b), district courts have original, but not exclusive, jurisdiction over civil proceedings arising under title 11, or arising in or related to the case under title 11. Through 28 U.S.C. § 157(a), Congress divided bankruptcy matters

into three categories: (1) those that "*arise under*" title 11; (2) those that "*arise in*" a bankruptcy case; and (3) those that are "*related to*" a bankruptcy case. **Stern v. Marshall**, _____ U.S. _____ , 131 S. Ct. 2594, 2603 (2011). 28 U.S.C. § 157(a) enables the district courts to refer any or all such proceedings to the bankruptcy courts of their district.

The manner in which a bankruptcy court may act depends on the type of proceeding involved: whether it is a "core proceeding" or only a "related to" proceeding (sometimes called a "non-core" proceeding). Bankruptcy courts may enter final judgments and orders in all "*core proceedings*" arising in a case under title 11. *See* 28 U.S.C. § 157(b)(1); **Stern**, 131 S. Ct. at 2603-05. "Core proceedings" are statutorily defined as including, but not limited to, sixteen matters set forth in 28 U.S.C. § 157(b)(2).[1] In general, proceedings that "arise under" or "arise in" a bankruptcy case are "core" matters. *See* **Wood v. Wood** (***In re Wood***), 825 F.2d 90, 92 (5th Cir. 1987); **WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.**, 75 F.Supp.2d 596, 606 (S.D. Tex. 1999). "Arising under" jurisdiction involves causes of action created or determined by a statutory provision of title 11. **Wood**, 825 F.2d at 96. "Arising in" jurisdiction is not based on a right expressly created by title 11, but is based on claims that have no existence outside bankruptcy. **Wood**, 825 F.2d at 97.

On the other hand, claims that are "related to" a bankruptcy case, but do not arise under the Bankruptcy Code or arise in a bankruptcy, are "non-core" proceedings, otherwise known as "related to" matters. **Wood**, 825 F.2d at 92; ***In re Performance Interconnect Corp.***, 2007 WL 2088281 at *4 (Bankr. N.D. Tex. 2007). "Related to" jurisdiction exists if "the outcome of that proceeding

---

[1] In **Stern**, a 5-4 majority of the U.S. Supreme Court struck down the constitutionality of one of the statutory examples of "core proceedings": basically state law counterclaims by the bankruptcy estate against a person filing a claim against the bankruptcy estate under 28 U.S.C. § 157(b)(2)(C). The Court determined that the bankruptcy court did not have constitutional authority to enter a final order on the counterclaim at issue. **Stern**, 131 S. Ct. at 2608.

5

could conceivably have any effect on the estate being administered in bankruptcy." *See Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.6 (1995); *Wood*, 825 F.2d at 93.

These adversary proceedings between the Debtor, Bank, and non-debtor defendants are not "core proceedings," as they do not arise under a statutory provision of title 11, would have had a separate existence outside of bankruptcy in state court, and are not within the statutory examples set forth as "core proceedings" in 28 U.S.C. § 157(b)(2). At best, these adversary proceedings are "related to" (or non-core) proceedings. Unless the parties consent, a bankruptcy court does not have authority to enter final orders and judgments in "related to" proceedings, but instead must submit proposed findings of fact and conclusions of law to the district court. *See* 28 U.S.C. § 157(c)(1)(2). The Bank has not consented to entry of a final judgment by this Court in any of these adversary proceedings.

    B.    *Jury Trial in Bankruptcy Court*.

Whether a jury trial can be conducted in bankruptcy court is governed by 28 U.S.C. § 157(e), which provides as follows:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, a bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court *and with the express consent of all the parties*.

(emphasis added).

In these adversary proceedings, the Debtor and non-debtor defendants have all demanded a jury trial, and the Bank agrees that they have a jury trial right. The Debtor and non-debtor defendants have consented to this Court conducting a jury trial, but the Bank has not. Because all parties must

6

consent for a bankruptcy court to conduct a jury trial under 28 U.S.C. § 157(e), this Court is not authorized to conduct a jury trial in these adversary proceedings.

    C.    ***Removal to Bankruptcy Court***.

Removal of causes of actions and claims (such as the State Court Suit) to bankruptcy court is governed by 28 U.S.C. § 1452. Generally, this statute provides that a party may remove any claim to the district court for the district where such claim is pending, if the district court has jurisdiction of such claim under 28 U.S.C. § 1334. *See e.g.,* **Performance Interconnect**, 2007 WL 2088281 at *3. The removing parties bear the burden of establishing federal jurisdiction. *See* **Performance Connect** (citing **Frank v. Bear Stearns & Co**., 128 F.3d 919, 921-22 (5th Cir. 1997)). Bankruptcy Rule 9027 sets forth the procedural requirements for removal of suits to Bankruptcy Court.

    D.    ***Remand by Bankruptcy Court***.

Bankruptcy Rule 9027(d) also provides the procedure for the filing of a motion to remand a state court lawsuit that has been removed to Bankruptcy Court. On July 5, 2012, the Bank filed Motions to Remand these adversary proceedings to state court.

In his Responses to the Motions for Remand, the Debtor argues that the Bank's Motions for Remand should be denied as they are untimely under Local Bankruptcy Rule 9027(b)(3), which requires that a motion to remand be filed within 30 days after filing a notice of removal. The Court must reject such argument for several reasons. First, by orders entered in these adversary proceedings, the Court set July 6, 2012, as the deadline for filing motions for remand, and the Bank's Motions for Remand were filed before the deadline. *See* Adv. No. 12-3010, Court document #5; Adv. No. 12-3011, Court document #4; Local Bankruptcy Rule 1001(b)(2). Second, due to the Debtor's failure to include the statement required under Bankruptcy Rule 9027(a)(1) in his original

7

Notices of Removal, it was necessary for the Debtor to file Supplemental Notices of Removal on June 20, 2012. The Bank's Motions to Remand were filed on July 5, 2012, and within 30 days after the filing of the Supplemental Notices of Removal by the Debtor. Accordingly, the Bank's Motions to Remand were timely filed. Moreover, a bankruptcy court may, *sua sponte*, decide to remand a removed suit or abstain from hearing a suit if it concludes that remand or abstention is appropriate. See **Performance Interconnect**, 2007 WL 2088281 at *3 (citing **In re Southmark Corp.**, 163 F.3d 925, 929 (5th Cir. 1999); **Smith v. Wal-Mart Stores Inc.**, 305 F.Supp.2d 652, 658 n.9 (S.D. Miss. 2003)).

      E.    *Equitable Remand/Discretionary Abstention*.

The Bank requests that the Court remand the State Court Suit under (1) equitable remand; and/or (2) permissive (or discretionary) abstention. The same principles govern abstention in the adversary proceeding originally filed in this Court.

Equitable remand is governed by 28 U.S.C. § 1452(b), which provides as follows:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

Permissive abstention (also known as discretionary abstention) is governed by 28 U.S.C. § 1334(c)(1), which provides in pertinent part as follows:

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Bankruptcy courts have broad discretion to remand or dismiss a suit on equitable grounds under 28 U.S.C. § 1452(b). See **In re Johnson**, 2012 WL 1110342 at *4 (Bankr. W.D. Tex. April 2, 2012); **In re Hoffman**, 248 B.R. 79, 90 (Bankr. W.D. Tex. 2000) (citing **Browning v. Navarro**, 743

F.2d 1069, 1077 n.21 (5th Cir. 1994) for the proposition that the bankruptcy remand statute affords a much greater range of discretion than other remand statutes).

Many courts look at the same factors in deciding whether "equitable remand" is appropriate under 28 U.S.C. § 1452(b) and whether "permissive (discretionary) abstention" is appropriate under 28 U.S.C. § 1334(c)(1). Because the two statutes are similar in purpose, the same factors which are considered for permissive abstention also weigh in favor of or against equitable remand. *See e.g., Regal Row Fina, Inc. v. Washington Mut. Bank*, 2004 WL 2826817 *8 (N.D. Tex. 2004); *Performance Interconnect* (citing *In re Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996)); *Johnson*. The factors include the following fourteen factors, which the Court will now weigh and apply with regard to the Bank's Motions to Remand and the Responses thereto filed by the Debtor. *See Regal Row* (citing *Browning v. Navarro*, 743 F.2d 1069, 1076 (5th Cir. 1984)); *Performance Interconnect*; *Johnson* (describing 14 factors).

    (1)    *The effect, or lack thereof, on the efficient administration of the bankruptcy estate if the court decides to remand or abstain*.

In applying this factor, the Court finds that there will be no adverse effect on administration of the Debtor's bankruptcy estate if the State Court Suit is remanded to state court. The Chapter 7 Trustee may or may not pursue causes of action asserted by the Debtor in these adversary proceedings as property of the Debtor's bankruptcy estate. The Real Property that is a subject of these adversary proceedings has been claimed as exempt by the Debtor, and no timely objection has been made to such claimed exemption. Were it not for the Debtor's bankruptcy, these adversary proceedings would have continued to be a "stand-alone lawsuit" in State Court. In sum, this factor weighs in favor of equitable remand and permissive abstention.

    (2)  ***The extent to which state law issues predominate over bankruptcy issues***.

In applying this factor, the Court finds state law issues predominate in these adversary proceedings (the State Court Suit). In the State Court Suit, the Debtor asserts defenses and counterclaims against the Bank on multiple theories based on state law. In the State Court Suit, the Bank seeks a judgment on a promissory note executed by Bealmo!, LLC and other non-debtor defendants as guarantors; foreclosure on and turnover of certain personal property owned by Bealmo!, LLC (a non-debtor); and has alleged that the promissory note was secured by the Real Property owned by the Debtor based on state law and contract. This factor weighs in favor of equitable remand and permissive abstention.

    (3)  ***Difficult or unsettled nature of applicable law***.

In applying this factor, the Court finds that the applicable state law involved in these adversary proceedings is somewhat difficult and unsettled. The Debtor has taken a shotgun approach by pleading multiple theories. In sum, this factor is neutral, or weighs slightly in favor of equitable remand and permissive abstention.

    (4)  ***Presence of related proceeding commenced in state court or other non-bankruptcy proceeding***.

In applying this factor, there appears to be no related state court or related non-bankruptcy court proceedings. There are no pending objections in the Debtor's bankruptcy case to his bankruptcy discharge, the dischargeability of any debts, or to the Debtor's claimed exemption of his interest in the Real Property, and the time period for filing any such objections has expired. The Debtor and non-debtor defendants, as plaintiffs, have filed a third adversary proceeding against the

Bank in this Court (Adversary No. 12-3013), which appears to involve the same facts and causes of action asserted in the State Court Suit. This factor is neutral.

(5) *Jurisdictional basis, if any, other than 28 U.S.C. § 1334*.

In applying this factor, the Court notes that Debtor removed the State Court Suit to this Court based on 28 U.S.C. § 1334. No other jurisdictional basis has been asserted in the Notices of Removal. In sum, this factor weighs in favor of equitable remand and permissive abstention.

(6) *Degree of relatedness or remoteness of proceeding to main bankruptcy case*.

In applying this factor, the Court finds that there is little, if any, relationship between these adversary proceedings and the Debtor's main bankruptcy case. In short, the Debtor has received his bankruptcy discharge and no objections to his discharge have been timely filed, and the Chapter 7 Trustee may or may not pursue the Debtor's claims against the Bank for the benefit of the bankruptcy estate. In sum, this factor weighs in favor of equitable remand and permissive abstention.

(7) *The substance, rather than the form, of an asserted "core proceeding."*

In his Notices of Removal and Responses to the Motions to Remand, the Debtor vociferously asserts that the claims and causes of action involved in these adversary proceedings are "core proceedings" under 28 U.S.C. § 157(b)(2). Yet, if the substance of the Debtor's assertions are examined, these are not core proceedings. For example, the Debtor argues that these proceedings involve the Real Property which is property of the bankruptcy estate. This ignores the fact that the Debtor has claimed his interest in the Real Property as exempt, no party has timely objected to such claimed exemption, and the Debtor's interest in the Real Property has been removed from property of the bankruptcy estate under 11 U.S.C. § 522(b)(1). Similarly, the Debtor argues that these

11

proceedings involve "turnover" and determination of "validity" of liens on property of the bankruptcy estate (the Real Property), which again ignores the fact that the Debtor's interest in the Real Property is not property of the bankruptcy estate. Next, the Debtor argues that these adversary proceedings involve allowance and disallowance of exemptions from property of the estate, yet the deadline for filing objections to exemptions in this case has expired under Bankruptcy Rule 4003(b) and no objections to exemptions have been filed. Next, the Debtor argues that these proceedings involve counterclaims by the bankruptcy estate, yet the only party authorized to bring counterclaims that are and may remain property of the bankruptcy estate is the chapter 7 trustee of the bankruptcy estate rather than the Debtor. Next, the Debtor asserts that these proceedings involve a determination of discharge of debt, yet no creditor or party in interest (including the Bank) has timely objected to the Debtor's discharge or dischargeability of any debt under Bankruptcy Rules 4004(a) and 4007(c), which must have been filed by August 10, 2012. The substance, rather than the form, of these adversary proceedings demonstrate they are not "core proceedings." In sum, this factor weighs in favor of equitable remand and permissive abstention.

      (8)    ***The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court***.

As set forth above, there appear to be no "core" bankruptcy matters involved in the State Court Suit; only state law claims. The Debtor has received a bankruptcy discharge of personal liability which will remain intact. This factor is neutral or weighs in favor of equitable remand and permissive abstention.

(9) ***The burden of the court's docket***.

In applying this factor, it appears that these adversary proceedings would be time consuming to decide, given the plethora of defenses and claims asserted by the Debtor. This Court has over 4,000 active bankruptcy cases and adversary proceedings on its docket, and there is no reason for the Court to keep these adversary proceedings when this Court's jurisdiction is questionable and the state court's jurisdiction over the State Court Suit is unquestionable. This factor weighs in favor of equitable remand and permissive abstention.

(10) ***The likelihood that the commencement of the proceeding in the court involves forum shopping by one of the parties***.

In applying this factor, the Court believes that there is the likelihood that there has been forum shopping by the Debtor in removing the State Court Suit to this Court through removal and initiation of these three adversary proceedings. This is demonstrated by the fact that the Debtor, in his prior bankruptcy Case No. 12-30106, removed the two severed lawsuits to this Court, and they were remanded by this Court. It is also demonstrated by the fact that the Debtor and non-debtor defendants, as Plaintiffs, have recently filed a third adversary proceeding against the Bank in this Court (Adversary No. 12-3013), which involves the same facts and causes of action asserted in the State Court Suit. Forum shopping is also indicated by the fact that the State Court Suit was set for a jury trial on February 10, 2012, in state court, and a few weeks before the jury trial was set, the Debtor filed his first bankruptcy case on January 18, 2012, which kept the jury trial in state court from proceeding. This factor weighs in favor of equitable remand and permissive abstention.

   (11) *The existence of a right to a jury trial*.

  The Debtor, and the non-debtor defendants, have demanded a jury trial in this Court and consented to this Court conducting a jury trial. The Bank agrees that a jury trial right exists, but does not consent to a jury trial being conducted in this Court. The Bank's lack of consent to a jury trial in this Court makes it statutorily impossible for this Court to conduct a jury trial in these adversary proceedings. *See* 28 U.S.C. § 157(e). The state court, on the other hand, can conduct the jury trial that the Debtor and non-debtor defendants have demanded. This factor weighs heavily in favor of equitable remand and permissive abstention.

   (12) *The presence of non-debtor parties*.

  In applying this factor, there are several non-debtor parties in these adversary proceedings–Bealmo!, LLC, Bernardo Gonzalez, Molly Dyer Gonzalez, and Guy Phillip Rosales, as well as the Bank. The non-debtor defendants have consented to a final adjudication in this Court, but the Bank has not consented. This factor weighs in favor of equitable remand and permissive abstention.

   (13) *Comity*.

  In applying this factor, the Court finds that state law issues predominate in the State Court Suit (comprised of two adversary proceedings) and in the third adversary proceeding. In all three adversaries, the Debtor asserts defenses and counterclaims against the Bank on multiple theories based on state law. In all adversaries, the Bank seeks a judgment on a promissory note executed by Bealmo!, LLC and other non-debtor defendants as guarantors and foreclosure on and turnover of certain personal property owned by Bealmo!, LLC (a non-debtor). The State Court has already conducted multiple hearings, is familiar with the suit, and had scheduled a jury trial which was

thwarted by the Debtor's bankruptcy filings. The Court should defer to the state court. This factor weighs in favor of equitable remand and permissive abstention.

        (14)    *The possibility of prejudice to other parties in the action*.

In applying this factor, the Court cannot see any prejudice to any party by remanding the State Court Suit to state court. The Debtor's bankruptcy discharge of personal liability will remain intact. On the other hand, if this Court were to keep the State Court Suit, it could not finally adjudicate the claims involved given their "non-core" status, jury trial right, and lack of consent of all parties. This would be wasteful and prejudicial to the parties. This factor weighs in favor of equitable remand and permissive abstention.

III.    *Conclusion*.

For the foregoing reasons, the Court concludes that the Bank's Motions to Remand should be granted, and the third adversary proceeding should be dismissed on abstention grounds. Separate orders will be entered remanding Adversary Nos. 12-3010 and 12-3011 to state court and dismissing Adversary No. 12-3013 based on abstention.

# # #